**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BONITA M. DAIGLE, )<br>          Plaintiff, )<br> )<br>V. )<br> )<br>U.S. FEDERAL GOVERNMENT, )<br>          Defendant. )<br> ) | Civil Action No. 05-11675-PBS |

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR MORE SPECIFIC COMPLAINT**

The United States of America (hereinafter the "defendant") respectfully moves this Court to require the *pro se* plaintiff, Bonita M. Daigle (hereinafter the "plaintiff"), to file a more specific complaint pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. As reason therefore, the defendant states that the plaintiff has failed to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

**ARGUMENT**

The complaint of a *pro se* plaintiff should be read with an indulgent, and not a hypercritical, eye. Haines v. Kerner, 404 U.S. 519, 520 (1972). But, "a petitioner who elects to proceed *pro se* must comply with the applicable procedural and substantive rules of law." Lefebre v. C.I.R., 830 F.2d 417, 419 (1st Cir 1987).

The complaint in this matter is completely nonsensical. It

is not clear from reading the complaint what is the actual "injury" suffered by the plaintiff, who caused such "injury," and what relief the plaintiff seeks.[1]

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint is required to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The claimant is required "to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Lowden v. William M. Mercer, Inc., 903 F. Supp. 212, 217 (D. Mass. 1995), quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  "[W]hile courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995).

The plaintiff fails to set forth any basis for establishing that the defendant has been the causative agent of her

---

[1] The plaintiff seeks as relief "One billion zillion U.S. dollars and/or 1.) Return of property to father's name, 2.) Proper compensation for injury and loss of income, 3.) Royalties for use of individual, intellectual, soul, and birthrights - to same value.  Proper say in institution for proper checks and balances of use of electrical and electromagnetic forces, devices, and telecommunications media.  One restraining order against use of state license to circumvent constitutional rights." Compl., p. 1.

2

circumstances. A causal relationship between the defendant's conduct and the plaintiff's injury must be demonstrated before the plaintiff can be entitled to relief, since relief cannot be based on "conjecture or speculation" as to causation. <u>London v. First National Stores, Inc.</u>, 353 Mass. 756, 757, 231 N.E. 2d 575, 576 (1967). <u>See</u> <u>Triangle Dress, Inc. v. Bay State Service, Inc.</u>, 356 Mass. 440, 441-42, 252 N.E. 2d 889, 891 (1969)("jury were ...left to conjecture and surmise about the cause of the fire [which allegedly damaged plaintiff's property]"). <u>See</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)("...bald assertions, unsupportable conclusions ... need not be credited"). In this action, nothing more than the plaintiff's unsubstantiated beliefs are set forth regarding causation. She provides no facts to associate the government with her circumstances. This level of generality belies any reasonable prospect that the plaintiff can make out a cause of action. <u>Boston & Maine Corp. v. Town of Hampton</u>, 987 F.2d 855, 865, 867 (1st Cir. 1993).

The plaintiff has cited no legal foundation upon which she could obtain the relief she seeks. With respect to her allegations, she sets forth no legal standards that the defendants have violated. Accordingly, should this action be permitted to proceed, not only would the defendant be placed in the position of defending and taking discovery on unsubstantiated

allegations, but would also be in the position of speculating about what legal theories the plaintiff might be said to have in mind. Under these circumstances, the complaint does not inform the defendant of the nature of the action being asserted against it.

## CONCLUSION

For all of the aforementioned reasons, the United States of America respectfully requests that this Court require the *pro se* plaintiff to file a more specific complaint pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

Dated: October 28, 2005   By:   /S/ Chjristopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

## CERTIFICATE OF SERVICE

I certify that on this day a true copy of the defendants' Memorandum in Support of the Motion to Dismiss was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Bonita M. Daigle
318 Water Street, A1
Wakefield, MA 01880

Dated: October 28, 2005        /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney