UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BONITA M. DAIGLE,<br>    Plaintiff,<br><br>V.<br><br>U.S. FEDERAL GOVERNMENT,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-11675-PBS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The defendant respectfully requests that this Court dismiss the above-captioned matter pursuant to Rule 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On or about August 12, 2005, the plaintiff, Bonita M. Daigle, filed a complaint in the United States District Court for the District of Massachusetts naming the U.S. Federal Government as the defendant.[1]

On or about October 28, 2005, the United States Attorney's Office, on behalf of the federal government, filed a motion for more specific complaint.

By order dated November 18, 2005, the Court granted the defendant's motion for more specific complaint and instructed the

---

[1] This is the second complaint filed by the plaintiff against the "U.S. Federal Government." The plaintiff filed a similar complaint on July 3, 2002 (Docket No. 02-11385-MEL), that was dismissed by the Court. This current complaint appears to be based on the same allegations as the first dismissed complaint, however, it is impossible to tell for sure as the plaintiff fails to give any detail to the allegations.

plaintiff to file a more specific complaint within fifteen (15) days.

On November 29, 2005, in response to this Court's order, the plaintiff filed an opposition with some additional information but nothing definitive. The plaintiff has yet to file a more specific complaint as directed by the Court.[2]

## ARGUMENT

### I. Standard of Review for a Motion to Dismiss

A motion to dismiss challenges the sufficiency of the complaint without being subjected to discovery or other costly and time-consuming proceedings. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). As is customary, the factual allegations of a complaint are taken as true. E.g., Edwards v. John Hancock Mutual Life Insurance Co., 973 F.2d 1027, 1028 (1st Cir. 1992); Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); McDonald v. Commonwealth of Massachusetts, 901 F. Supp. 471, 475 (D. Mass. 1995).

---

[2] Despite the fact that the plaintiff has failed to file a more specific complaint, the Court has issued a "Notice of Scheduling Conference" which puts the defendant in the awkward position of having to engage in the discovery process before a legitimate complaint has been filed and properly served on the defendant. Before the discovery process begins, the defendant should be allowed sixty days from the date of the filing of a legitimate complaint that is properly served on the defendant, as provided by the Federal Rules of Civil Procedure. In this case, the plaintiff has not filed a legitimate complaint and she has not made proper service of the complaint.

The complaint of a *pro se* plaintiff should be read with an indulgent, and not a hypercritical, eye. Haines v. Kerner, 404 U.S. 519, 520 (1972). But, "a petitioner who elects to proceed *pro se* must comply with the applicable procedural and substantive rules of law." Lefebre v. C.I.R., 830 F.2d 417, 419 (1st Cir 1987).

**II.  Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint is required to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The claimant is required "to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Lowden v. William M. Mercer, Inc., 903 F. Supp. 212, 216 (D. Mass. 1995), quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). "[W]hile courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995).

The plaintiff's original complaint alleges some kind of automobile accident and foreclosure action, however, she provides no facts to support her allegations and provides no theory of law as to her entitlement to some form of remedy. In the plaintiff's response to the Court's order dated November 18, 2005, she merely restates some of her original vague allegations. The plaintiff makes no attempt to provide any facts to support her allegations.

The plaintiff fails to set forth any basis for establishing that the defendant has been the causative agent of her circumstances. A causal relationship between the defendant's conduct and the plaintiff's injury must be demonstrated before the plaintiff can be entitled to relief, because relief cannot be based on "conjecture or speculation" as to causation. Landon v. First National Stores, Inc., 353 Mass. 756, 757, 231 N.E. 2d 575, 576 (1967). See Triangle Dress, Inc. v. Bay State Service, Inc., 356 Mass. 440, 441-42, 252 N.E. 2d 889, 891 (1969)("jury were . . . left to conjecture and surmise about the cause of the fire [which allegedly damaged plaintiff's property]"). See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)("...bald assertions, unsupportable conclusions ... need not be credited"). In this action, nothing more than the plaintiff's unsubstantiated beliefs are set forth regarding causation. She provides no facts to associate the government with her circumstances. This level of generality belies any reasonable

prospect that the plaintiff can make out a cause of action. Boston & Maine Corp. v. Town of Hampton, 987 F.2d 855, 865, 867 (1st Cir. 1993).

The plaintiff has cited no legal foundation upon which she could obtain the relief she seeks. With respect to her allegations, she sets forth no legal standards that the defendant has violated. Accordingly, should this action be permitted to proceed, not only would the defendant be placed in the position of defending and taking discovery on unsubstantiated allegations, but would also be in the position of speculating about what legal theories Ms. Daigle might be said to have in mind. Under these circumstances, the complaint does not inform the defendant of the nature of the action being asserted against it.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant respectfully suggests that the plaintiff's complaint and memorandum in response should be dismissed as the plaintiff has failed to state a claim upon which relief can be granted.

**III. Motion to Dismiss Pursuant to Rule 12(b)(1)**

    **A.   The Complaint Is Frivolous**

The complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it is frivolous. An action may be dismissed under Rule 12(b)(1) if the claims made are "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S.

678, 683 (1946).  <u>Nietze v. Williams</u>, 490 U.S. 319, 325 n. 26 (1989).  A frivolous action is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless," "fanciful," or "delusional" factual allegations.  <u>Nietzke v. Williams</u>, 490 U.S. at 325, 327-329.  <u>Wyatt v. Boston</u>, 35 F.3d 13, 15 (1st Cir. 1994)(citing cases where dismissal is warranted if it is "patently obvious" that plaintiff could not prevail).

The Courts have been keenly aware that allegations such as the plaintiff's should not be used to disrupt the effective functioning of the government by engaging the time and concerns of federal employees, and frivolous complaints should quickly be terminated.  <u>Butz v. Economou</u>, 438 U.S. 478, 507-08 (1978); <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991) (Insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits.").

The plaintiff's original complaint alleges some kind of automobile accident and foreclosure action, however, she provides no facts to support her allegations and provides no theory of law as to her entitlement to some form of remedy.  In the plaintiff's response to the Court's order of November 18, 2005, she merely restates some of her original vague allegations.  The plaintiff makes no attempt to provide any facts to support her allegations.

6

Based on the lack of information provided by the plaintiff, the plaintiff's complaint is frivolous and without merit.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the defendant respectfully requests that the plaintiff's complaint and memorandum in response should be dismissed as the Court lacks subject matter jurisdiction where the pleadings are frivolous.

### B. The Court Lacks Subject-Matter Jurisdiction where the Plaintiff Failed to File an Administrative Claim

An action brought against a federal official sued in his official capacity is an action against the United States. 28 U.S.C. § 2679. Sanchez v. Ellingwood, 691 F.2d 592 (1st Cir. 1982) citing Hawaii v. Gordon, 373 U.S. 57 (1963). An action lies against the United States or a federal official in his official capacity only if it complies with the requirements imposed by a specific statutory waiver of sovereign immunity. Instituto de Educacion v. Riley, 209 F.3d 24, 28 (1st Cir. 2000); FDIC v. Meyer, 510 U.S. 471, 486 (1994); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949)(This doctrine applies not only to the United States as a party, but also to officials of the United States.); United States v. Testan, 424 U.S. 392, 399 (1976); Murphy v. United States, 45 F.3d 520 (1st Cir. 1995).

There is no waiver of sovereign immunity by the United States for claims for damages brought under the U.S. Constitution. FDIC v. Meyer, 510 U.S. at 486; Butz v. Economou,

438 U.S. at 504, citing <u>Bivens</u>, 403 U.S. at 397.  Accordingly, should this action be construed as an action against the United States for constitutional violations, it must be dismissed.

The only waiver of sovereign immunity potentially available to the plaintiff is the Federal Tort Claims Act ("FTCA"). However, the waiver of sovereign immunity provided by the FTCA is conditioned upon a claim being filed with the relevant federal agency within two years after the claim accrues.  28 U.S.C. §2401.  <u>Roman v. Townsend</u>, 224 F.3d 24, 27 (1st Cir. 2000).

The plaintiff does not allege that she has filed a claim with any federal agencies.  Pursuant to 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

It is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim.  <u>Gonzalez v. U.S.</u>, 284 F.3d 281, 288 (1st Cir. 2002)(citing <u>United States v. Kubrick</u>, 444 U.S. 111, 113; <u>Attallah v. United States</u>, 955 F.2d 776, 779 (1st Cir. 1992); <u>Gonzalez-Bernal v. United States</u>, 907 F.2d 246, 248 (1st Cir. 1990)).  Compliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived.  <u>Id.</u> (citing <u>Coska v. United States</u>, 114 F.3d 319, 323 n. 8 (1st Cir. 1997); <u>Corte-Real v. United States</u>,

949 F.2d 484, 485-86 (1ˢᵗ Cir. 1991); Gonzalez-Bernal, 907 F.2d at 248)).

Accordingly, the plaintiff cannot avail herself of the remedies provided for by the FTCA now where she failed to file an administrative claim.  Consequently, this Court lacks subject matter jurisdiction over any of the plaintiff's alleged FTCA claims.  Pursuant to Rule 12(b)(1), the defendants respectfully suggest that the plaintiff's FTCA claims, if any, be dismissed.

**IV.   Motion to Dismiss Pursuant to Rule 12(b)(5)**

According to the docket, the complaint in this action was filed on August 12, 2005.  Since that time, the plaintiff has failed to serve the Attorney General of the United States in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.  Rule 12(b)(5) of the Federal Rules of Civil Procedure sets forth "insufficiency of service of process" as grounds for dismissal of a complaint.  As service has not been accomplished, the defendant respectfully requests that this Court dismiss the complaint.

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements of service of process upon the United States, its agencies, and officers.  The rule requires that service be effected upon the United States, its agencies, and officers, by delivering copies of the summons and complaint to the United States Attorney for the district in which the action is brought

by hand delivery or by registered or certified mail, by sending copies of the summons and complaint to the Attorney General of the United States by registered or certified mail, and by sending copies to the officer or agency by registered or certified mail. Fed.R.Civ.P. 4(i)(1).

The Court acquires personal jurisdiction over a defendant only if the defendant is properly served. <u>Omni v. Capital International v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 103 (1987); <u>see also</u> <u>De La Cruz Arroyo v. Commissioner of Social Security</u>, 215 F.3d 1311 (1st Cir. 1998) (Dismissal of case upheld where plaintiff failed to serve process seven months after complaint filed.); <u>Media Duplication Services, Ltd. v. HDG Software, Inc.</u>, 928 F.2d 1228, 1232-34 (1st Cir. 1991) ("Jurisdiction not established where no return of service").  It is the burden of the plaintiff to establish that proper service has been effected.  <u>United States v. Ayer</u>, 857 F.2d 881, 884-85 (1st Cir. 1988).

In addition, by order dated November 18, 2005, the Court instructed the plaintiff to file a more specific complaint within fifteen (15) days.  On or about November 29, 2005, the plaintiff filed a memorandum in response to the Court's order.  If this memorandum in response is to be considered the plaintiff's amended complaint, the plaintiff failed to serve the Attorney General for the United States.

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the defendant respectfully suggests that the complaint should be dismissed as the plaintiff has failed to make proper service.

## CONCLUSION

The defendants respectfully request that this Court dismiss the above-captioned matter pursuant to Rule 12(b)(6), Rule 12(b)(1), and/or Rule 12(b)(5) of the Federal Rules of Civil Procedure. The plaintiff has failed to state a claim upon which relief can be granted, the Court lacks subject matter jurisdiction in the matter as the complaint is frivolous, the plaintiff has failed to file an administrative claim, and the plaintiff has failed to make proper service.

    Respectfully submitted,

    UNITED STATES OF AMERICA
    By its attorney,

    MICHAEL J. SULLIVAN
    United States Attorney

Dated: January 24, 2006   By:   /S/ Christopher R. Donato
    Christopher R. Donato
    Assistant U.S. Attorney
    United States Attorney's Office
    John Joseph Moakley Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3303

**CERTIFICATE OF SERVICE**

    I certify that on this day a true copy of the defendant's Memorandum in Support of the Motion to Dismiss was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Bonita M. Daigle
318 Water Street, A1
Wakefield, MA 01880


Dated: January 24, 2006        /S/ Christopher R. Donato
                                        Christopher R. Donato
                                        Assistant U.S. Attorney